UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA LUCIA DE MELO RABELO,

    *Plaintiff*,

v.

KRISTI NOEM, *et al.*,

    *Defendants*.

Civil Action No. 25 - 163 (LLA)

### MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Lucio de Melo Rabelo, a citizen of Brazil who resides in Utah, brings this action against Kristi Noem, in her official capacity as U.S. Secretary of Homeland Security, Joseph B. Edlow, in his official capacity as Director of the U.S. Citizenship and Immigration Services ("USCIS"), and Carrie M. Selby, in her official capacity as Acting Associate Director of the USCIS Service Center Operations Directorate, challenging the denial of her I-485 application for permanent residency. ECF No. 1.[1] Defendants have moved to transfer this action to the District of Utah under 28 U.S.C. § 1404(a) and to dismiss the case under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). ECF No. 9. For the reasons explained below, the court will grant Defendants' motion in part and transfer the case to the District of Utah.

---

[1] Ms. Rabelo named former Secretary of Homeland Security Alejandro N. Mayorkas, former Director of the USCIS Ur Mendoza Jaddou, and former Associate Director of the USCIS Service Center Operations Directorate Connie Nolan as Defendants, but the current officials are "automatically substituted" as parties pursuant to Federal Rule of Civil Procedure 25(d).

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court takes the allegations in Ms. Rabelo's complaint as true for the purposes of deciding the pending motion. *Louis v. Hagel*, 177 F. Supp. 3d 401, 403 (D.D.C. 2016). The Immigration and Nationality Act ("INA") allows certain noncitizens to obtain permanent work authorization and permanent residency in the United States. *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 60-61 (D.C. Cir. 2021). As relevant here, EB-2 visas are available to noncitizens with "advanced degrees" or "exceptional ability," 8 U.S.C. § 1153(b)(2), and EB-3 visas are available to "[s]killed workers, professionals, and other workers," *id.* § 1153(b)(3).

To obtain an EB-2 or EB-3 visa, an employer typically submits to the USCIS an I-140 Immigrant Petition for Alien Worker on a foreign national's behalf. *Id.* § 1154(a)(1)(F); 8 C.F.R. § 204.5(j) (2025); *see* U.S. Citizenship & Immigr. Servs., *I-140, Immigrant Petition for Alien Workers*.[2] If the foreign national wishes to proceed without a supporting employer, she may seek a "national interest waiver" from the employer requirement from the Attorney General. 8 U.S.C. § 1153(b)(2)(B); *see Masroor v. Noem*, No. 25-CV-256, 2025 WL 2439176, at *1 (D.D.C. Aug. 25, 2025). Once the I-140 petition is approved, the foreign national may then apply to become a lawful permanent resident by filing an I-485 Application for Permanent Residence. 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2. While "an approved I-140 petition is required to obtain permanent residency through the I-485 process, an applicant can sometimes file [her] I-485 application at the same time [her] employer files the I-140 petition." *Khedkar v. U.S. Citizenship & Immigr. Servs.*, 552 F. Supp. 3d 1, 5-6 (D.D.C. 2021).

---

[2] *Available at* https://perma.cc/8P5M-HBV4.

Ms. Rabelo is a citizen of Brazil who resides in Pleasant Grove, Utah. ECF No. 1, at 1, ¶ 1. She entered the United States in August 2019 on an F-1 visa, and in September 2020, she began seeking an EB-2 visa with a national interest waiver by submitting I-140 petitions and an I-485 application. *Id.* ¶¶ 26-27. Ultimately, in March 2022, her employer submitted an I-140 petition under the EB-3 category on her behalf, and the USCIS approved the petition the following month. *Id.* ¶ 34-35. In December 2022 and again in January 2023, Ms. Rabelo asked that her original I-485 application be transferred to the approved EB-3 petition. *Id.* ¶¶ 37-38. In October 2023, the USCIS denied Ms. Rabelo's I-485 application. *Id.* ¶ 39. Ms. Rabelo requested that the USCIS reopen and reconsider her application in December 2023, and the USCIS issued a new decision again denying her I-485 application in October 2024. *Id.* ¶ 54.

Ms. Rabelo filed this action in January 2025, seeking review of the denial of her I-485 application and the dismissal of her motion to reopen and reconsider. *Id.* ¶¶ 57-75. Defendants have moved to transfer the action to the District of Utah under 28 U.S.C. § 1404(a), or, in the alternative, to dismiss the case under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). ECF No. 9.[3] The matter is fully briefed and ripe for resolution. ECF Nos. 9, 10, 12.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), the court may transfer a case from one proper venue to another appropriate venue if it serves "the convenience of parties and witnesses" and is "in the interest of

---

[3] While Defendants style their motion as a motion to transfer *and* dismiss the case, they acknowledge that, "were the Court to transfer this action under Section 1404, the Court need not consider [the] motion to dismiss." ECF No. 9, at 9.

justice."[4]  This is an "individualized, case-by-case consideration," comprised of two steps.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  First, the transferor court must determine that the action "[could] have been brought" in the transferee district or that the parties consent to litigating there.  28 U.S.C. § 1404(a).  Second, the court must determine whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district."  *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F. Supp. 2d 57, 59 (D.D.C. 2013).  In making this determination, the court "weigh[s] several private- and public-interest factors."  *Id.* at 59-60.  The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof."  *Id.* at 60.  The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home."  *Id.* (quoting *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)).  "If the balance of private and public interests favor[s] a transfer of venue, then a court may order a transfer."  *Id.* (quoting *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 375 (D.D.C. 2012)).

---

[4] In contrast, 28 U.S.C. § 1406(a) governs transfer or dismissal when the initial venue is improper. *See Liu v. Mayorkas*, 737 F. Supp. 3d 1, 3-5 (D.D.C. 2024).  Here, venue is proper in this district under 28 U.S.C. § 1391(e)(1)(A) because the Secretary of Homeland Security resides in the District of Columbia, where the Department is headquartered.  *See Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) ("What controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant.").  Defendants argue that the Secretary should be dismissed under Rule 12(b)(6) because Ms. Rabelo "fails to plead any plausible claim arising from the Secretary's official acts." ECF No. 9, at 11.  Defendants may renew that argument in the District of Utah.  *See Raju v. Jaddou*, No. 22-CV-2308, 2023 WL 5321888, at *1 (D.D.C. Apr. 7, 2023) (explaining that the defendants could renew a similar Rule 12(b)(6) motion in the transferee court).

### III. DISCUSSION

The court agrees with Defendants that transfer to the District of Utah is warranted under Section 1404(a).  On the first step, the court concludes that the suit could have originally been brought in the District of Utah.  Venue is proper in suits against officers or agencies of the United States "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  This suit could have been brought in the District of Utah because Ms. Rabelo resides in Utah and the case does not involve real property.  *See* ECF No. 1, at 1.

On the second step, the court concludes that both the private- and public-interest factors weigh in favor of transferring this case to the District of Utah.[5]  *See Blackhawk Consulting, LLC*, 975 F. Supp. 2d at 59-60.  The court begins with the private-interest factors.  As to the plaintiff's choice of forum, Ms. Rabelo brought this case in this district, and she does not consent to her case being transferred to the District of Utah.  *See* ECF No. 10.  While this factor weighs against a transfer, it will be given "minimal weight" because this district is not Ms. Rabelo's home forum.  *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017).

Deference to the plaintiff's choice of forum is also "at its nadir when the plaintiff's forum choice lacks meaningful ties to the controversy and [has] no particular interest in the parties or

---

[5] Defendants assert that the court can treat their arguments on the public- and private-interest factors "as conceded" because Ms. Rabelo did not address them in her opposition.  ECF No. 12, at 1 (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)).  While Ms. Rabelo does not specifically address each factor, she argues that the court should defer to her choice of forum and consider the "convenience of accessing key evidence," ECF No. 10, at 11, which the court deems sufficient to consider the factors on the merits.

subject matter." *Wei Lai Dev. LLC v. U.S. Citizenship & Immigr. Servs.*, No. 21-CV-887, 2021 WL 2073403, at *4 (D.D.C. May 24, 2021) (alteration in original) (internal quotation marks omitted). While Ms. Rabelo argues that the District of Columbia has a meaningful connection to her case because the "decision-making processes and policies challenged in this case emanate from the headquarters of the Department of Homeland Security and USCIS, both located in the District of Columbia," ECF No. 10, at 9, the court disagrees as both a factual and legal matter. As a factual matter, Ms. Rabelo is correct that the Department of Homeland Security is located in the District of Columbia, but the USCIS is located in Camp Springs, Maryland. *Farroukh v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-198, 2023 WL 7017758, at *2 n.2 (D.D.C. Oct. 25, 2023) (explaining that the USCIS moved its headquarters to Camp Springs, Maryland in December 2020); *see Alakhfash v. Jaddou*, No. 23-CV-3458, 2024 WL 5044926, at *3 (D.D.C. Sep. 23, 2024) ("USCIS operates under the D.C.-based Department of Homeland Security, but USCIS itself promulgates the immigration policies relevant to this case, and any future changes to its . . . polic[ies] will also arise out of the Maryland-based agency."). As a legal matter, Ms. Rabelo contends that her challenge to the "legality or fairness of the policies guiding USCIS's actions . . . implicate[s] the [DHS] Secretary's overarching responsibilities and the policies emanating from DHS" because DHS is responsible for directing the USCIS, ECF No. 10, at 13, but she fails to point to any specific actions of the Secretary of Homeland Security that are implicated here. *See EfficientIP, Inc. v. Cuccinelli*, No. 20-CV-1455, 2020 WL 6683068, at *3-4 (D.D.C. Nov. 12, 2020) (noting that "[w]here, as here, the only real connection the lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the administrative process, venue is not appropriate in the District of Columbia" (quoting *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008))). Tellingly, her

6

requested relief concerns only the USCIS.  *See* ECF No. 1, at 19.  Transfer is thus warranted under the first private-interest factor.

As to the second private-interest factor, Defendants prefer the District of Utah.  *See* ECF Nos. 9, 12.  That is also Ms. Rabelo's home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff's home forum."  *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020).

The third private-interest factor—where the claim arose—is neutral.  "[I]n APA cases like this one, the underlying claim typically arises 'where the decisionmaking process occurred.'"  *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting *Gyau v. Sessions*, No. 18-CV-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018)).  Ms. Rabelo does not allege that the USCIS adjudicated her I-485 application in the District of Columbia, and Defendants assert that Ms. Rabelo's application remains pending at the USCIS Nebraska Service Center located in Lincoln, Nebraska.  ECF No. 9, at 1.  Ms. Rabelo's claims thus arose neither in this district nor the District of Utah.

Finally, the remaining private-interest factors favor a transfer.  Ms. Rabelo "cannot reasonably claim to be inconvenienced by litigating in [her] home forum."  *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018)).  And she "will likely be the key witness and rely on personal records to develop [her] claim, making [her] home district a better venue."  *Liu v. Mayorkas*, 737 F. Supp. 3d 1, 6 (D.D.C. 2024).  Ms. Rabelo argues that the District of Columbia is a convenient forum for her because she can "challenge [DHS's] policies and decisions at their source," ECF No. 10, at 9, but as noted above, the policies and decisions relevant to her case lack a meaningful connection to the District of Columbia.

The public-interest factors likewise weigh in favor of a transfer or are neutral. First, there is no reason to suspect that any federal district court is unfamiliar with federal immigration law. *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (explaining that where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor"). Next, there can be no dispute that each district faces congested dockets, making this factor neutral. Moreover, transferring application-specific immigration cases to a plaintiff's home district prevents this district from being overwhelmed with such cases merely because the Secretary of Homeland Security resides here. *See Claros v. Cowan*, No. 21-CV-609, 2021 WL 1820209, at *3 (D.D.C. May 6, 2021) ("Spreading [these cases] across the country makes eminent sense and tips the scales on this factor toward transfer."). Finally, "[b]ecause any potential impacts are to be felt locally, the controversy is truly local to" Ms. Rabelo's home district of Utah. *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012).

After balancing the relevant factors as set forth above, the court concludes that transfer to the District of Utah promotes the convenience of the parties and witnesses and is in the interest of justice. *See* 28 U.S.C. § 1404(a). The court will therefore transfer this action to the District of Utah.

## IV. CONCLUSION

For the foregoing reasons, the court will transfer the case to the District of Utah but deny Defendants' motion to dismiss without prejudice so that Defendants can re-raise those arguments after the case is transferred. Additionally, the court will direct Defendants to respond to the

complaint no later than twenty-one days after the case is docketed in the District of Utah. A contemporaneous order will issue.

                                                              LOREN L. ALIKHAN
                                                              United States District Judge

Date:   November 13, 2025